UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Matthew Bankey,                                              Civil No. 07-2200 (DWF/RLE)

          Plaintiff,

v.                                                                              **MEMORANDUM**
                                                                        **OPINION AND ORDER**
Phillips & Burns, LLC,

          Defendant.

_____

Thomas J. Lyons, Jr., Esq., Consumer Justice Center, P.A., and Thomas J. Lyons, Sr., Esq., Lyons Law Firm, P.A., Counsel for Plaintiff.

Justice Ericson Lindell, Esq., Holly A. Stocker, Esq., and Joseph M. Windler, Esq., Winthrop & Weinstine, P.A., Counsel for Defendant.

_____

## INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Attorneys Fees and Costs. For the reasons set forth below, this Court grants in part and denies in part the fees and costs requested.

## BACKGROUND

Plaintiff Matthew Bankey ("Bankey") brought an action in the United States District Court for the Eastern District of Pennsylvania against Defendant Phillips & Burns, LLC ("Phillips & Burns"), alleging that Phillips & Burns violated the Fair Debt Collection Practices Act "(FDCPA"), 15 U.S.C. §1692, *et seq*. *Bankey v. Phillips &*

*Burns, LLC*, No. 2:07-cv-01088(RK) (E.D. Pa.). Phillips & Burns challenged that venue was improper in that court, and the case was transferred to this Court on May 7, 2007.

Bankey alleged that in the course of collecting a debt, Phillips & Burns acted in a false, deceptive, misleading and unfair manner because it disclosed the debt to Bankey's parents during a telephone call, threatened to sue Bankey, and threatened to place a lien on Bankey's home. (Compl. ¶¶ 8-11.) Phillips & Burns answered the Complaint, the parties engaged in written discovery and depositions, and in December 2007, Phillips & Burns made an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68, in the amount of $2,500, which Bankey accepted. This Court entered judgment in favor of Bankey and against Phillips & Burns on December 28, 2007.

Bankey then requested an award of attorney fees in the amount of $50,561.50, and costs in the amount of $4,859.90, pursuant to the fee-shifting provision of the FDCPA, 15 U.S.C. § 1692k(a)(3), to be allocated among his attorneys in the following amounts: (1) for Lyons Law Firm, P.A., $41,256 in fees and $1,456.15 in costs; (2) for the Consumer Justice Center, P.A., $3,889.50 in fees and $3,003.75 in costs; and (3) for Francis & Mailman, P.A., $5,416 in attorney fees and $400 in costs. Phillips & Burns does not dispute Bankey's right to obtain an award of fees and costs, but challenges the amount requested.

## DISCUSSION

**I.     Legal Standard**

The FDCPA provides for an award to a successful litigant of "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C.

§ 1692k(a)(3). The lodestar method has been established as the "most useful starting point for determining the amount of a reasonable fee," and requires a court to calculate "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). The reasonableness of a fee depends upon a number of factors, including "the plaintiff's overall success; the necessity and usefulness of the plaintiff's activity in the particular matter for which fees are requested; and the efficiency with which the plaintiff's attorneys conducted that activity." *Jenkins v. Missouri,* 127 F.3d 709, 718 (8th Cir.1997). Courts also consider the prevailing market rate for similar services in the community where the litigation takes place when performed by "lawyers of reasonably comparable skill, experience, and reputation." *McDonald v. Armentrout,* 860 F.2d 1456, 1458-59 (8th Cir.1988). The fee applicant bears the burden to produce evidence to support the rates charged and hours worked. *Hensley*, 461 U.S. at 433; *see also Blum v. Stenson,* 465 U.S. 886, 895 n.11 (1984) ("the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation").

II. **Reasonable Hourly Rate**

   A. **Bankey's Minnesota Attorneys**

Bankey was represented before this Court by Thomas J. Lyons, Sr. ("Lyons, Sr."), of the Lyons Law Firm, and Thomas J. Lyons, Jr. ("Lyons, Jr."), of the Consumer Justice Center. In addition, a first-year associate with the Consumer Justice Center, Trista Roy

("Roy"), assisted with the current fee petition, but performed no other substantive work on the case.

Initially, these firms requested hourly rates in the amount of $400 per hour for Lyons, Sr., and Lyons, Jr., and $125 per hour for Roy.  The firms supported their request by citing decisions by other courts awarding fees for Lyons, Sr., and Lyons, Jr., of up to $350 per hour, the Laffey Matrix,[1] affidavits of other consumer law attorneys, and a study of rates charged by consumer law attorneys in different regions of the United States.  (Decl. of Thomas J. Lyons, Esq., in Support of Pl's. Mot. for Att'ys Fees and Costs ("Lyons, Sr. Decl.") ¶¶ 6, 9-11, Exs. 7-9); (Decl. of Thomas J. Lyons, Jr., Esq. in Support of Pl's. Mot. for Att'ys Fees and Costs ("Lyons, Jr. Decl.") ¶¶ 5-8, Exs. 10, 11).  Phillips & Burns disputed that $400 per hour was a reasonable hourly rate for Lyons, Sr., and Lyons' Jr., arguing that the same attorneys were awarded only $250 and $200 per hour in another recent FDCPA case in this district, *Orsburne v. Assets Recovered, LLC*, No. 07-1710 (D. Minn. Jan. 14, 2008).

On April 10, 2008, following the initial filings in this case regarding attorney fees, Bankey submitted a letter reducing his requested hourly rates to $325 per hour for Lyons, Sr., and $300 per hour for Lyons, Jr., based on an order by a court in this district finding

---

[1] According to Bankey, the Laffey Matrix is an index of the prevailing rates in Washington, D.C., which he argues may be used in determining reasonable rates by adjusting the rates according to locality pay differentials.  Courts in this district have recently indicated that they found the Laffey Matrix unpersuasive in determining reasonable hourly rates for attorneys pursuing FCDPA cases in Minnesota, and this Court agrees.  *See Young v. Diversified Consultants, Inc.*, No. 07-CV-4808 (MJD/AJB), 2008 WL 2131176 (D. Minn. May 21, 2008); *Olson v. Messerli & Kramer, P.A.*, No. 07-CV-0439 (PJS/RLE), 2008 WL 1699605 (D. Minn. Apr. 9, 2008).

those hourly rates reasonable for his attorneys. *Olson v. Messerli & Kramer, P.A.*, No. 07-CV-0439 (PJS/RLE), 2008 WL 1699605 at *2 (D. Minn. Apr. 9, 2008) ("the Court recognizes that Olson's counsel have provided more support for their claimed rates than was provided in *Orsburne* – support that justifies higher rates than Lyons Sr. and Lyons Jr. were awarded in that case"). Subsequently, another court in this district found $325 and $300 per hour to be reasonable rates for Lyons, Sr., and Lyons, Jr. *Young v. Diversified Consultants, Inc.*, No. 07-CV-4808 (MJD/AJB), 2008 WL 2131176 (D. Minn. May 21, 2008).

This Court finds *Olson* and *Young* persuasive in determining a reasonable hourly rate for Lyons, Sr., and Lyons, Jr., both of whom have substantial experience in litigating FDCPA cases. In addition, this Court finds, based on its experience with and knowledge of prevailing rates in this market, that rates of $325 and $300 per hour for Lyons, Sr., and Lyons, Jr. are commensurate with the rates of other attorneys in this area with similar knowledge and practice experience. *Warnock v. Archer*, 397 F.3d 1024, 1027 (8th Cir. 2005) ("when fixing hourly rates, courts may draw on their own experience and knowledge of prevailing market rates"). Phillips & Burns does not challenge the hourly rate of $125 charged for Roy, and this Court finds Roy's hourly rate to be reasonable.

### B.    **Bankey's Pennsylvania Attorneys**

When he originally filed his Complaint, Bankey was represented by attorneys of the Philadelphia law firm of Francis & Mailman. Bankey has requested fees be awarded to these attorneys in the amount of $390 per hour for Mark D. Mailman ("Mailman"), $295 for John Soumilas ("Soumilas"), $275 for Michael J. Szymborski ("Szymborski"),

5

and $275 for Geoffrey H. Baskerville ("Baskerville"), as well as $135 per hour for paralegal time billed by the firm. Philips & Burns does not challenge the hourly rates for these attorneys, but under the FDCPA, this Court must still determine whether the hourly rates requested are reasonable. The Court finds that Bankey has not produced sufficient evidence to show that the requested hourly rates for these attorneys are reasonable.

Bankey based his request primarily on a summary of the background and experience of attorneys practicing with Francis & Mailman. (Decl. of Mark Mailman, Esq. in Support of Pl's. Mot. For Att'ys Fees and Costs ("Mailman Decl.") ¶ 3, Ex. 1). Bankey did not provide this Court with evidence showing the fees these attorneys have been awarded in FDCPA cases, or fees the firm has actually charged clients in such cases. Bankey also failed to produce evidence of the rates charged by attorneys in Philadelphia who perform similar work, other than a statement by Mailman that the rates requested are comparable. (Mailman Decl. ¶ 5). Bankey submitted a Consumer Law Attorney Fee Survey 2007 ("Fee Survey") which compiled information about attorney fees charged by consumer lawyers from different geographic areas of the country, in which Pennsylvania is included in the Atlantic region. (Lyons, Sr. Decl. Ex. 9.) This study, however, is fairly general, and does not provide adequate detail to be definitive about the amounts commonly charged in specific markets within the regions identified for particular kinds of consumer work, such as FDCPA litigation. Finally, Francis & Mailman's work on this case largely involved drafting and filing Bankey's 4-page Complaint, which included straightforward and simple FDCPA claims. The work

performed by Francis & Mailman was not complex or sophisticated enough to justify the hourly rates requested.

Based on the reasoning outlined above, and based on this Court's experience and knowledge regarding prevailing market rates, this Court finds that a reasonable fee for Mailman is $300 per hour, and that $230 per hour is reasonable for Soumilas, Szymborski, and Baskerville. The Court also finds Francis & Mailman's paralegal billing rate of $135 per hour to be reasonable.

### III.   Hours Reasonably Expended

Phillips & Burns challenges many of the hours charged to Bankey's file as unreasonably expended, as discussed in detail below. Phillips & Burns also argues generally that the expertise of Bankey's counsel in FDCPA litigation should allow them to efficiently and effectively litigate such cases, reducing the amount of time expended. This Court agrees with this argument and is guided by that principle in determining the number of hours reasonably expended in various aspects of Bankey's case.

#### A.   Francis & Mailman: File Review and Duplication of Effort

Phillips & Burns argues that attorneys with Francis & Mailman spent 10.2 hours for "file review," which Phillips & Burns contends is an excessive amount of time, brought about in part by the use of four different attorneys on the file. A review of the billing records submitted by Francis & Mailman shows that file or case review was a component of billing entries for 11.9 hours of attorney time, but that those entries also contained descriptions of time billed for drafting and revising Bankey's Complaint, assessing damages and the proper demand, and conferring with opposing counsel.

7

(Mailman Decl. Ex. 3.)  Nonetheless, the Court agrees that Francis & Mailman's time in these activities was not spent as efficiently as it should have been for attorneys experienced in FDCPA litigation, and that the use of so many attorneys added unnecessary duplication of effort to the file.  The Court, therefore, reduces the number of hours for Francis & Mailman by 3.6 hours.

### B. Francis & Mailman: Transfer of Venue

Phillips & Burns contends that hours spent by Francis & Mailman in connection with the transfer of venue from Pennsylvania to Minnesota should be reduced, because Phillips & Burns argues that the case should not have been filed in Pennsylvania.  Phillips & Burns notes that Bankey is a Minnesota resident and that Phillips & Burns is based in Buffalo, New York, and that Bankey stipulated to the transfer of venue to Minnesota.  As Bankey does not offer any explanation for the decision to file the case in Pennsylvania in support of his request for these fees, this Court agrees.  The Court will reduce the number of hours for time billed by Francis & Mailman related to the stipulation for withdrawal and transfer issues, and time billed to the file following the stipulation, by 4.0 hours.

### C. Lyons Law Firm: Written Discovery and Discovery Disputes

Phillips & Burns argues that the time charged to this matter related to written discovery and discovery disputes by Lyons, Sr., should be reduced.[2]  Phillips & Burns

---

[2] Phillips & Burns also challenges 1.9 hours Lyons, Sr., spent requesting or receiving materials from the Department of Commerce.  Phillips & Burns argues that this activity was irrelevant to a lawsuit regarding its attempt to collect Bankey's personal debt.  The Court disagrees.  Under Minnesota law, the Department of Commerce licenses debt collectors and may investigate violations of debt collection law.  Minn. Stat.

(Footnote Continued on Next Page)

8

indicates that Lyons, Sr., has numerous entries totaling 6.34 hours labeled "Rule 26(a)(1)" or "Discovery" that lack sufficient detail to allow a determination of Lyons, Sr.'s actual activities.  Phillips & Burns also notes that one entry for 5.02 hours dated August 7, 2007, is labeled "Discovery: called the client, follow up on the discovery with Justice Lindell," but that its attorney did not record time related to a conference with Lyons, Sr. for that day.  (Decl. of Justice Ericson Lindell ("Lindell Decl.") ¶ 15.)  Phillips & Burns contends that 7.97 hours of billing entries labeled "Rule 37.1" and "Rule 37.1 Setup" relate to a discovery dispute in which Lyons, Sr., unsuccessfully sought to compel unreasonably broad discovery, after which Chief Magistrate Judge Erickson stated that the breadth of Lyons, Sr.'s discovery request "plainly exceed[ed] the bounds of reasonableness." (Minute Order dated October 19, 2007, Docket No. 21, at 2 n.1). Finally, Phillips & Burns challenges 6.31 hours Lyons, Sr., billed for time spent related to discovery regarding Bankey's medical records regarding his claim of emotional distress, when Lyons, Sr., ultimately produced an affidavit indicating no such records existed.

This Court agrees that Lyons, Sr.'s hours for these items should be reduced.  First, "incomplete or imprecise billing records preclude any meaningful review" of fee applications.  *H.J. Inc. v. Flygt Corp.*, 925 F.2d 257, 260 (8th Cir. 1991) (reduced fee award affirmed where billing entries were labeled "legal research," "trial prep," and "met

---

(Footnote Continued From Previous Page)
§§ 332.33, 332.355 (2007).  In an action under the FDCPA regarding a Minnesota resident, determining whether a debt collector is required to be or is licensed within Minnesota, or whether the debt collector has been the subject of complaints, and reporting allegations of violations of debt collection laws, would be reasonable activities.

w/client," and where some entries were so vague the court could not determine they were related to prevailing claims, or that litigation itself). Lyons, Sr.'s billing records are vague and insufficiently detailed, particularly with respect to those entries labeled as "Rule 26(a)(1)" and "Discovery." Second, Lyons, Sr., failed to explain the discrepancy between his time entry for an August 7, 2007 conference with Phillips & Burns' attorney and that attorney's assertion that no such conference occurred on that day. Third, this Court agrees that Lyons, Sr., spent excessive and unnecessary time pursuing overbroad discovery and that the requested hours should be reduced to reflect the more limited discovery ultimately permitted. Finally, this Court agrees that the number of hours Lyons, Sr., spent determining that no medical records existed was unreasonable. This Court, therefore, reduces Lyons' Sr.'s hours with respect to these four items by 11.79 hours.

### D.     Lyons Law Firm: Depositions

Phillips & Burns contends that Lyons, Sr.'s hours related to depositions taken in this case should also be reduced. Phillips & Burns notes that Lyons, Sr., billed 4.8 hours for defending Bankey's deposition, but that the deposition lasted only 1 hour and 17 minutes. Phillips & Burns argues that the number of hours spent on this should be reduced to 2.4 hours. The Court examined the record to determine whether Lyons, Sr., engaged in extensive travel to and from this deposition, but found Lyons' Sr.'s billing records show that he recorded mileage of only 41 miles. (Lyons, Sr. Decl. Ex. 3.) Lyons, Sr., did not offer any explanation of regarding his activities related to representing

Bankey that accounted for the additional time.  This Court agrees that 2.4 hours is reasonable for the time Lyons, Sr., spent defending Bankey's deposition.

Phillips & Burns next challenges the 13.18 hours Lyons, Sr., charged for deposition preparation for two depositions he took of defense witnesses.  Phillips & Burns also challenges 3.71 hours billed on October 22, 2007, identified by the description "Deposition," because Lyons, Sr., did not take a deposition on that date.  The Court finds it likely that the entry labeled "Deposition" on October 22, 2007, relates to deposition preparation for the depositions Lyons, Sr., took the following day.  Nonetheless, because the billing records are insufficiently specific, the Court finds a reduction of Lyons, Sr.'s hours for deposition preparation is warranted, and reduces the hours for this item by 4.89 hours.

### E. Consumer Justice Center: File Review

Phillips & Burns argues that the fees charged by the Consumer Justice Center for Lyons, Jr.'s review of the file are unreasonable.  Phillips & Burns notes that Lyons, Jr., spent 4.97 hours reviewing Bankey's file, but only contributed 1.56 hours of other work to the case.  Lyons, Jr.'s billing records show that he billed 3.44 hours on June 22, 2007, for activities described as:  "Review file – speak to client and discuss with referring counsel – do statement of facts," and 1.53 hours on July 23, 2007, for activities labeled: "File Review – then compute settlement demand."  The records, therefore, show that file review was a component of the time spent on those two days, but was not the only activity for which Lyons, Jr., billed.  Nonetheless, this Court finds that some reduction in

11

the time billed is warranted because Lyons, Jr.'s role in the case was so limited. The Court reduces the hours by Lyons, Jr., for these items by 2.0 hours.

### F.   Lyons Law Firm and Consumer Justice Center: Fee Petition

Lyons, Sr., and Roy prepared the fee petition in this matter. Lyons, Sr., spent 14.98 hours on the fee petition, and Roy spent 10.22 hours. Phillips & Burns challenges the time spent as unreasonable, arguing that the fee petition filed in this case is "virtually identical" to the fee petition filed by the same attorneys in another FDCPA case, and that these attorneys should not be compensated at their hourly rate for recycling boilerplate documents. (Def. Phillips & Burns LLC's Mem. of Law in Opp'n to Pl.'s Mot. for Att'ys Fees and Costs Pursuant to Local Rule 54.3 at 16.) Phillips & Burns contends that a flat fee of $500 is an appropriate amount to award for this billing item.

The Court examined the fee petition filed in this matter and finds that a reduction in the hours billed for this item is necessary. The fee petition contains elements of documents filed in other cases, and it is unreasonable for two attorneys to have spent 25.20 hours preparing this filing. The fee petition, however, is not so routine as to warrant only a minimal flat fee. The Court, therefore, reduces Lyons, Sr.'s time for this item by 7.0 hours, and Roy's time by 6.22 hours.

## IV.   Costs.

Bankey seeks costs in the amount of $400 for Francis & Mailman, $1,456.15 for the Lyons Law Firm, and $3,003.75 for the Consumer Justice Center. Phillips & Burns does not challenge the costs requested. This Court finds that the requested costs are reasonable.

## CONCLUSION

After applying the above-explained reductions in the hourly rates and hours billed for Bankey's attorneys, this Court concludes that Bankey is entitled to attorney fees and costs as follows:  (1) for Francis & Mailman, $2,476.50 in fees and $400 in costs; (2) for the Lyons Law Firm, $24,726.00 in fees and $1,456.15 in costs; and (3) for the Consumer Justice Center, $1,568.00 in fees and $3,003.75 in costs.

Therefore **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion for Attorney's Fees and Costs is **GRANTED IN PART** and **DENIED IN PART** as follows:  Plaintiff shall recover attorney fees and costs in the amount of thirty-three thousand six hundred thirty dollars and forty cents ($33,630.40).


Dated:  June 11, 2008                    s/Donovan W. Frank
                                         DONOVAN W. FRANK
                                         Judge of United States District Court